IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY WALDEN, KURT VAN BRYANT,
and ALEXANDER WILLIAMS,
    Plaintiffs,

vs.                      Case No. 3:10cv103/LAC/EMT

STATE OF FLORIDA CORP.,
    Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiffs, all of whom are prisoners proceeding pro se, jointly initiated this action by filing a civil complaint (Doc. 1). Each Plaintiff filed a motion to proceed in forma pauperis (Docs. 14, 25, 26), and the undersigned granted each motion (Docs. 15, 27, 28). Upon further review, the undersigned concludes that Plaintiffs may not proceed jointly in this action.

Under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915 *et seq.* ("PLRA"), prisoners who file civil actions in federal courts are required to pay full filing fees. 28 U.S.C. § 1915(b). In Hubbard v. Haley, the Eleventh Circuit held that a district court properly dismissed a multi-plaintiff in forma pauperis civil action in which a group of eighteen prisoners sought to join their claims pursuant to Rule 20 of the Federal Rules of Civil Procedure and thus pro-rate the mandatory filing fees among the group instead of individually paying the full fee. 262 F.3d 1194, 1197–98 (11th Cir. 2001) (citing 28 U.S.C. § 1915(b)). In so holding, the court implicitly found that multiple prisoners may not bring a joint civil action if they proceed in forma pauperis as "the PLRA clearly and unambiguously requires" each prisoner to pay the full amount of a filing fee. *Id.*; *see also* 28 U.S.C. § 1915(b). The court thus required each prisoner plaintiff to re-file an individual civil action

accompanied by the full filing fee or an application to proceed in forma pauperis. Hubbard, 262 F.3d at 1195, 1198.

Following Hubbard, several district courts within the Eleventh Circuit have similarly dismissed actions in which multiple prisoners sought to bring claims in a single action. *See* Marshall v. Lopez, No. 10-21717-CIV, 2010 WL 3118305 (S.D. Fla. Aug. 2, 2010) (dismissing civil case jointly filed by two prisoners without prejudice to each plaintiff's commencing new, separate action); Kirk v. Waters, No. 8:07cv468-T-17-EAJ, 2007 WL 951802 (M.D. Fla. Mar. 28, 2007) (same); Bowes v. Alder, No. 1:06-CV-1109, 2006 WL 1626834 (N.D. Ga. Jun. 5, 2006) (dismissing consolidated actions of prisoners and ordering prisoners to file separate actions and filing fees pursuant to Hubbard); Scott v. Strength, No. CV 106-56, 2006 WL 2327469 (S.D. Ga. Aug. 8, 2006) (refusing to allow joinder of additional plaintiff prisoner under Hubbard ). Courts outside of the Eleventh Circuit have reached a similar conclusion and additionally noted that severance of multiple prisoner actions is required by the text of the PLRA itself. *See, e.g.*, Osterloth v. Hopwood, No. CV 06 152 M JCL, 2006 WL 3337505 (D. Mont. Nov. 15, 2006) (noting that to allow joinder of prisoner actions would run afoul of the requirement of 28 U.S.C. § 1915(b)(3) that the amount of the fee collected in a case governed by the PLRA must not exceed the fee imposed for "commencement of a civil action").

In light of Hubbard, the undersigned concludes that Plaintiffs may not proceed jointly in this action. However, in light of the fact that Plaintiff Walden has made partial payments of the filing fee, and neither of the other Plaintiffs has done so, Plaintiff Walden should be permitted to proceed in this action as the sole Plaintiff. If Plaintiffs Van Bryant and Williams wish to proceed with their claims, each of them must commence a new, individual civil action by filing a complaint on his own behalf and either paying the full $350.00 filing fee or submitting an individual motion to proceed in forma pauperis.

Accordingly, it is **ORDERED**:

1. The orders granting Plaintiffs' Kurt Van Bryant and Alexanders Williams' motions to proceed in forma pauperis (Docs. 27, 28) are hereby **VACATED**.

2. The clerk of court shall transmit a copy of this order via facsimile to: Department of Corrections, Attention: Agency Clerk at (850) 487-0949. The clerk of court shall also mail a

Case No. 3:10cv103/LAC/EMT

copy of this order to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk.

And it is respectfully **RECOMMENDED**:

1. That Plaintiffs Kurt Van Bryant and Alexander Williams be **DISMISSED** as Plaintiffs from this action.

2. That this matter be referred to the undersigned magistrate judge for further review of Plaintiff Timothy Walden's claims.

At Pensacola, Florida, this 18th day of August 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**