IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY WALDEN,
    Plaintiff,

vs.                                          Case No. 3:10cv103/LAC/EMT

STATE OF FLORIDA CORP.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned by the District Judge upon dismissal of two original Plaintiffs from this action and for further review of the claim of the remaining Plaintiff, Timothy Walden (*see* Doc. 37). Plaintiff Walden, an inmate of the Florida Department of Corrections proceeding pro se and in forma pauperis, names the State of Florida as the sole Defendant in this action (Doc. 13 at 1). Plaintiff challenges the validity of his state criminal conviction and sentence on the ground that the state court lacked jurisdiction to convict and sentence him because the Florida criminal statutes, pursuant to which he was convicted, were not enacted in accordance with the Florida Constitution (*id.* at 2–26). As relief, Plaintiff seeks immediate release from confinement and compensation for his invalid incarceration (*id.* at 26).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are

"clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the Amended Complaint, the court concludes that dismissal of this action is warranted.

It is well-settled that a prisoner in custody is barred from challenging the lawfulness of his conviction or confinement in a suit for damages under § 1983 if (1) the action, if successful, would demonstrate the invalidity of the underlying conviction or sentence; and (2) his conviction or

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Case No. 3:10cv103/LAC/EMT

sentence has not already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). In the instant case, Plaintiff directly challenges the legality of his confinement. Because a judgment in favor of Plaintiff finding that the state court lacked authority to convict and sentence him would necessarily call into question the validity of his sentence, Plaintiff may not recover monetary damages unless his conviction or sentence has been reversed, expunged, or invalidated. *See id.* As Plaintiff has not shown that his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuing a writ of habeas corpus, his exclusive remedy for challenging the fact of his confinement is through a habeas corpus petition filed under 28 U.S.C. § 2254.[2] *See* Bradley v. Pryor, 305 F.3d 1287, 1289–90 (11th Cir. 2002); *see also, e.g.,* Price v. McNeil, 340 Fed. Appx. 581, 583–84, 2009 WL 2414390, at **2 (11th Cir. 2009) (Heck doctrine barred prisoner's challenges to legality of his confinement or to procedure of state court procedures in § 1983 action for damages) (unpublished); Pugh v. Smith, 333 Fed. Appx. 478, 479–80, 2009 WL 1783996, at **1–2 (11th Cir. 2009) (state prisoner's claims that he was wrongly convicted, and that, as result, his sentence should be commuted and he was entitled to immediate release, were not cognizable

---

[2] The appropriate venue for filing a § 2254 petition is the United States District Court for the Middle District of Florida. Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Although Plaintiff is currently incarcerated at the Okaloosa Correctional Institution, which is located in the Northern District of Florida, he is currently serving sentences imposed by the Circuit Court in and for Duval County, Florida, which is located in the Middle District. *See* http://www.dc/state/fl/us/ActiveInmates/. If Plaintiff filed a federal habeas petition in the Northern District, the court would consider it to be in the interest of justice to transfer the habeas case to the Middle District, since the witnesses and other sources of proof would likely be located there. *See* Parker v. Singletary, 974 F.2d 1562, 1582 and n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witnesses and ease of access to sources of proof when considering habeas transfer).

Case No. 3:10cv103/LAC/EMT

under § 1983; rather, exclusive remedy for such claims was petition for writ of habeas corpus) (unpublished).[3]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 22nd day of September 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3] The undersigned cites Price and Pugh only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No. 3:10cv103/LAC/EMT